**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 1:16-cv-00861 (LO-MSN) |
| v. | § § | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. | § § | |
| *Defendant*. | § § | |

## FIRST AMENDED COMPLAINT

Plaintiff Virginia Innovation Sciences, Inc. ("VIS") files this First Amended Complaint against Amazon.com, Inc. ("Amazon" or "Defendant"), and hereby alleges as follows:

### I.     NATURE OF THE ACTION

1.     This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff VIS's patented inventions.

2.     VIS is owner of all right, title, and interest in and to U.S. Patent No. 7,899,492, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'492 patent"); U.S. Patent No. 8,050,711, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'711 patent"); U.S. Patent No. 8,903,451, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'451 patent"); U.S. Patent No. 8,948,814, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless

Communication Networks," (the "'814 patent"); U.S. Patent No. 9,118,794, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'794 patent"); U.S. Patent No. 8,712,471, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'471 patent"); U.S. Patent No. 9,286,853, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'853 patent"); and U.S. Patent No. 9,355,611, entitled "Methods, Systems and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," (the "'611 patent"). Collectively, the '492 patent, the '711 patent, the '451 patent, the '814 patent, the '794 patent, the '471 patent, the '853 patent and the '611 patent are referred to herein as the "'492 Patent Portfolio."

3.     The '492 Patent Portfolio share a common specification and claim priority to Provisional Application No. 60/588,358, filed on July 16, 2004.

4.     Additionally, VIS is owner of all right, title, and interest in and to U.S. Patent No. 8,135,398, entitled "Method and Apparatus for Multimedia Communications with Different User Terminals" (the "'398 patent").

5.     VIS is also the owner of all right, title, and interest in and to U.S. Patent No. 9,369,844, entitled "System and Method for Providing Locally Applicable Internet Content with Secure Action Requests and Item Condition Alerts," (the "'844 patent").

6.     VIS is also owner of all right, title, and interest in and to U.S. Patent No. RE46,140, entitled "Method and System for Conducting Business in a Transnational e-Commerce Network," (the "'140 patent")..

7.     The '492 Patent Portfolio, the '398 patent, the '844 patent, and the '140 patent are

referred to herein as the "Asserted Patents."

8.     Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services; and encourages others to use its products and services in an infringing manner, including its customers. Plaintiff VIS seeks past and future damages and prejudgment and post-judgment interest for Amazon's past infringement of the Asserted Patents.

## II.     THE PARTIES

9.     Plaintiff Virginia Innovation Sciences is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located in this judicial district at 6301 Edsall Road, Suite 517, Alexandria, Virginia 22312.

10.     Upon information and belief, Amazon is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.  Upon information and belief, Defendant Amazon is authorized to do business in Virginia.  Defendant Amazon may be served with process by serving its registered agent Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

## III.     JURISDICTION AND VENUE

11.     This is an action for patent infringement, which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

12.     This Court has personal jurisdiction over Amazon, and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400.  This Court has personal jurisdiction over Amazon because, among other things, Amazon has established minimum contacts within the

forum such that the exercise of jurisdiction over Amazon will not offend traditional notions of fair play and substantial justice. For example, Amazon has placed products that practice and/or embody the claimed inventions of the Asserted Patents into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, Amazon has sold, advertised, marketed, and distributed products in this district that practice the claimed inventions of the Asserted Patents. Amazon derives substantial revenue from the sale of infringing products distributed within the district, and/or expects or should reasonably expect its actions to have consequences within the District, and derives substantial revenue from interstate and international commerce.

## IV.    PLAINTIFF'S PATENTS

### A.    The '492 Patent Portfolio

13.    The '492 patent was filed on June 24, 2005 and issued on March 1, 2011.  The '711 patent was filed on January 21, 2011 and issued on November 1, 2011.   The '451 patent was filed on February 11, 2014 and issued on December 2, 2014.   The '814 patent was filed on September 8, 2014 and issued on February 3, 2015.  The '794 patent was filed on November 23, 2014 and issued on August 25, 2015.  The '471 patent was filed on March 18, 2013 and issued on April 29, 2014.   The '853 patent was filed on July 9, 2015 and issued on March 15, 2016. The '611 patent was filed on January 17, 2016 and issued on May 31, 2016.  VIS has obtained all substantial rights and interest to the '492 Patent Portfolio, including all rights to recover for all past and future infringements thereof.

14.    The '492 Patent Portfolio generally discloses systems and methods for converting video signals for a mobile terminal to accommodate reproduction by an alternative display terminal. The video signal from a wireless communication network is processed to provide a

converted video signal appropriate for an alternative display terminal. This converted video signal is then provided to accommodate the corresponding video display on a screen provided by the alternative (*e.g.*, external) display terminal. *See* '492 Patent, Abstract.

15. The '492 Patent Portfolio embodies several key advancements over technology that was conventional at the time of filing on June 24, 2005. By way of example, claim 23 of the '492 patent reads as follows:

23. An apparatus for processing signals to accommodate reproduction by an alternative display terminal, the apparatus comprising:

an interface module, which receives a video signal appropriate for displaying a video content on a mobile terminal, the video signal being received from a cellular network communication that is sent to the mobile terminal and then received by the interface module;

a signal conversion module, in operative communication with the interface module, which processes the video signal to produce a converted signal for use by the alternative display terminal, wherein processing by the signal conversion module includes converting the video signal from a compression format appropriate for the mobile terminal to a display format for the alternative display terminal that is different from the compression format, such that the converted video signal comprises a display format and a power level appropriate for driving the alternative display terminal; and

a device interface module, in operative communication with the signal conversion module, which provides the converted video signal to the alternative display terminal to accommodate displaying the video content by the alternative display terminal.

**B.      The '398 Patent**

16. The '398 patent was filed on May 6, 2011 and issued on March 13, 2012. The '398 patent generally discloses multimedia communications with cross-layer optimization in multimedia communications with different user terminals. Various optimization for the delivery of multimedia content across different channels are provided concurrently to a plurality of user terminals.

17.     The '398 patent embodies several key advancements over technology that was conventional at the time of its applicable priority date.  By way of example, claim 1 of the '398 patent reads as follows:

1. A method for conversion and sending of content to devices, the method comprising:

receiving a multimedia content item originated from a source located outside a home location and destined for a destination device located within the home location, wherein the multimedia content item is received through a wireless communication network and from a wireless terminal device;

converting the multimedia content item for reproduction according to a determined signal format of the destination device; and

sending the converted multimedia content item to the destination device, wherein the destination device is a television, and wherein the sending comprises:

establishing a predetermined channel operatively in communication with the destination device

and transporting the multimedia content item to the destination device via said predetermined channel,

for the destination device to display the multimedia content item in conjunction with a navigational command to the destination device for the predetermined channel.

## C.     The '844 Patent

18.     The '844 patent was filed on September 2, 2014 and issued on June 14, 2016. The asserted claims of the '844 patent generally disclose a wireless device configured to facilitate electronic communication. The device communicates an item status signal wirelessly when activated, such as a purchase request.  A wireless transmission channel is established for the particular device, which has a unique identifier.  Information pertaining to a user account is accessed to complete the transaction.

19.     The '844 patent embodies several key advancements over technology that was conventional at the time of its applicable priority date.  By way of example, claim 35 of the '844

Patent reads as follows:

35. A system for facilitating electronic communication of secure information, the system comprising:

at least one database configured to store information of a user account associated with a wireless signal transmitter,

wherein the wireless signal transmitter is designated to transmit an item status signal to provide information regarding an updated condition of a merchandise;

wherein the item status signal is transmitted through a wireless communication channel from the wireless signal transmitter; the wireless communication channel being established in a local wireless communication network in response to an indication of the updated condition, the wireless communication channel being established for transmission of the item status signal from the wireless signal transmitter;

wherein the system is configured to recognize a unique identifier corresponding to the wireless signal transmitter based on a successful transmission of the item status signal;

wherein the system is further configured to identify a purchase request for the merchandise based on recognition of the unique identifier corresponding to the wireless signal transmitter;

wherein the information of the user account comprises information for a processing of the purchase request; and

at least one output interface configured to communicate the information for the processing of the purchase request through a communication channel to accommodate a completion of the processing of the purchase request, the communication channel being separate from the wireless communication channel established for the transmission of the item status signal; and

wherein the system is configured to update the user account with confirmation information regarding the processing of the purchase request.

**D.    The '140 Patent**

20.    The '140 patent was filed on September 12, 2011 and issued on September 6, 2016. The asserted claims of the '140 patent generally disclose a system for facilitating online payment in a secure environment. The system splits the conventional merchant server at the time of invention and employs a payment server for receiving payment information through a secure

communication channel.

21.     The '140 patent embodies several key advancements over technology that was conventional at the time of its applicable priority date.  By way of example, claim 19 of the '140 patent reads as follows:

19. A computer program product comprising a non-transitory computer readable medium and instructions on the medium executable by a processor of a computer system to support online buying over the internet by carrying out operations comprising:

receiving, at a payment server, credit card payment information transmitted from a buyer for payment of one or more items identified for purchase from a website listing the items, wherein the credit card payment information is received after online communication of the buyer has been switched from the website listing the items to a website of the payment server, wherein the switching of the online communication of the buyer is after an indication from the buyer to buy the one or more of the items; sending the credit card payment information to an established financial channel;

receiving a credit card payment processing decision from the established financial channel; and sending credit card payment confirmation information; wherein: transmission of information about the items for purchase between a server supporting the website listing the items and the buyer, before occurrence of the indication to buy, is less secure than transmission, from the buyer, of the credit card payment information, the transmission of the credit card payment information being performed under a security protocol for encryption of the credit card payment information, said security protocol providing at least 128 bit encryption for the credit card payment information; the payment server has a respective IP address different from a respective IP address of the website listing the items;

the sending of the credit card payment confirmation information updates the server supporting the website listing the items, with respect to the purchase of the one or more items identified by the buyer, in support of a real-time purchasing/sales environment on the website listing the items;

the server supporting the website listing the items is in at least one of a first nation state or a second nation state; and

the payment server is in the first nation state.

## V.     DEFENDANT'S ACTS

### A.     The '492 Patent Portfolio

22.     Amazon has infringed and continues to infringe the '492 Patent Portfolio by making, selling, offering for sale, importing, and using products and software in an infringing manner, including but not limited to Amazon's Fire TV and Fire Stick devices, smartphone, mobile phone, and tablet products, as well as any other products operating in a substantially similar manner, including but not limited to: Amazon Kindle Fire HD 8.9; Amazon Fire HDX 8.9; Amazon Fire HD Kids Edition; Amazon Fire HD6; Amazon Fire HD7; Amazon Fire Phone; Amazon Fire TV 1st Gen; Amazon Fire TV 2nd Gen; Amazon Fire TV Gaming Edition; and Amazon Fire Stick. These products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.

23.     Moreover, Amazon provides its customers with the accused products and software and instructs its customers to use the products and software in an infringing manner. Examples of such instructions provided by Amazon include a video located at: http://www.amazon.com/gp/help/customer/display.html?nodeId=201540250 (video: display mirroring) (dated June 27, 2016). Amazon also provides written instructions to customers and users:

**Display Mirroring**

**Requirements**

- **An Amazon phone or tablet**: Fire phone, Fire HDX tablets (running Fire OS 2.0 or greater), Fire HD 8 (5th Generation), Fire HD 10 (5th Generation)
- **A certified media streaming device**: Amazon Fire TV, Fire TV Stick, Belkin Miracast Video Adapter, NETGEAR Push2TV Wireless Display HDMI Adapter with Miracast (PTV3000)

**Note:** Kindle Fire HDX 8.9 (4th Generation), Fire HD 8 (5th Generation) and Fire HD 10 (5th Generation) are compatible with display mirroring only on Amazon Fire TV.

Fire phone and certain Fire tablets use display mirroring (also referred to as

Miracast), a wireless standard that offers over-the-air display of your screen on your television without the use of an HDMI cable. Any interaction with your Amazon phone or tablet – whether you're swiping through the carousel, watching a movie, browsing the web, or performing another similar activity – is mirrored on the larger screen.

http://www.amazon.com/gp/help/customer/display.html?nodeId=201370390 (dated June 27, 2016).

24.     In addition, Amazon knowingly, actively induced and continues to knowingly actively induce (or is willfully blind to the) infringement of one or more of the '492 Patent Portfolio within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '492 Patent Portfolio, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

25.     Moreover, Amazon knowingly contributed to the infringement of one or more of the '492 Patent Portfolio by others in this district, and continues to contribute to the infringement of one or more of the Patents by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the '492 Patent Portfolio, knowing of the Patents and their claims, knowing those components to be especially made or especially adapted for use to infringe one or more of the '492 Patent Portfolio, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Amazon has not implemented a design around or otherwise taken any remedial action with respect to the '492 Patent Portfolio. VIS will

rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

**B.     The '398 Patent**

26.     Amazon has infringed and continues to infringe the '398 patent by making, selling, offering for sale, importing, and using products and software in an infringing manner, including but not limited to Amazon's Fire TV (including Amazon Fire TV 1st Gen; Amazon Fire TV 2nd Gen; Amazon Fire TV Gaming Edition) and Fire Stick, as well as any other products operating in a substantially similar manner. Amazon Fire Stick and Amazon Fire TV receive multimedia content and distribute that content in format to a display device. *See* https://www.amazon.com/Amazon-Fire-TV-Streaming-Media-Player/dp/B00U3FPN4U    (dated June 27, 2016).

27.     Moreover, Amazon provides its customers with the accused products and software and instructs its customers to use the products and software in an infringing manner, including through its website at https://www.amazon.com/Amazon-Fire-TV-Streaming-Media-Player/dp/B00U3FPN4U (dated June 27, 2016).

28.     In addition, Amazon knowingly, actively induced and continues to knowingly actively induce (or is willfully blind to the) infringement of one or more of the '398 patent within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '398 patent, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and

disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

29.     Moreover, Amazon knowingly contributed to the infringement of the '398 patent by others in this district, and continues to contribute to the infringement of the '398 patent by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the '398 patent, knowing of the Patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '398 patent, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use. Amazon has not implemented a design around or otherwise taken any remedial action with respect to the '398 patent. VIS will rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

### C.     The '844 Patent

30.     Amazon has infringed and continues to infringe the '844 patent by making, selling, offering for sale, importing, and using products and software in an infringing manner, including but not limited to Amazon's Dash Button, as well as any other products operating in a substantially similar manner. Amazon's Dash Button is a Wi-Fi enabled device that allows Amazon's customers to reorder household items with the press of a button.     See https://www.amazon.com/gp/help/customer/display.html?nodeId=201746300 (dated June 27, 2016).

31.     Moreover, Amazon provides its customers with the accused products and software and instructs its customers to use the products and software in an infringing manner, including                through                its                website                at

https://www.amazon.com/gp/help/customer/display.html/ref=amb_link_464330362_2?ie=UTF8&nodeId=201706050&pf_rd_m=ATVPDKIKX0DER&pf_rd_s=merchandised-search-leftnav&pf_rd_r=ZAKRJ9XZJJS6HWQYFCB0&pf_rd_t=101&pf_rd_p=2531000162&pf_rd_i=10667898011 (Support for Amazon Dash Button).

Amazon Device Support › Dash Button Help › Using Dash Button›

**Place an Order with Your Dash Button**

Reorder your favorite home essential at any time with the press of a button.
Before you can place an order, make sure you've set up your Dash Button. To learn more, go to Set Up Your Dash Button.
To place an order, press and release the button on your Dash Button.

**Tip:** Do not press and hold the button or it may go into Wi-Fi setup mode. A quick press and release of the button is all you need to place an order.

The indicator light on your button will blink white while the order is processing.
•       If the order is successful, the indicator light turns a solid green for five seconds.
•       If the order is unsuccessful, the indicator light turns a solid red for five seconds.

If you opt-in to receive notifications for your Dash Button orders, a confirmation notification will be displayed in the Amazon Shopping app on your phone.
To learn how to enable Dash Button notifications, go to Manage Your Dash Button Settings.

https://www.amazon.com/gp/help/customer/display.html?nodeId=201746380 (Place an Order with Your Dash Button) (dated June 27 2016); *See also* https://www.amazon.com/gp/help/customer/display.html?nodeId=201746340 (Set Up Your Dash Button) (dated June 27, 2016); https://www.amazon.com/gp/help/customer/display.html?nodeId=201730790 (Manage Your Dash Button Settings).

32.     In addition, Amazon knowingly, actively induced and continues to knowingly actively induce (or is willfully blind to the) infringement of one or more of the '844 patent within

this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the '844 patent, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

33.    Moreover, Amazon knowingly contributed to the infringement of the '844 patent by others in this district, and continues to contribute to the infringement of the '844 patent by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the inventions of the '844 patent, knowing of the '844 patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '844 patent, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use. Amazon has not implemented a design around or otherwise taken any remedial action with respect to the '844 patent. VIS will rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

**D.    The '140 Patent**

34.    Amazon has infringed and continues to infringe the '140 patent by making, selling, offering for sale, importing, and using products and software in an infringing manner, including but not limited to providing the Amazon online payment service, also known as Amazon Payments. *See* https://payments.amazon.com. Specifically, Amazon provides a facility

including a payment server whereby online communication of an online user is switched from a website of a merchant of goods or services to a website supported by Amazon's payment server to render payment and consummate the transaction.

35. Moreover, Amazon provides its customers with the accused products/services and software and instructs its customers to use the products/services and software in an infringing manner, including through its website at https://payments.amazon.com/merchant (dated Oct. 13, 2016).

36. In addition, Amazon knowingly, actively induced and continues to knowingly actively induce (or is willfully blind to the) infringement of one or more of the '140 patent within this district by making, using, offering for sale, and selling infringing products/services, as well as by contracting with others to use, market, sell, and offer to sell infringing products/services, all with knowledge of the '140 patent, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

37. Moreover, Amazon knowingly contributed to the infringement of the '140 patent by others in this district, and continues to contribute to the infringement of the '140 patent by others in this district by selling or offering to sell components of infringing products/services in this district, which components constitute a material part of the inventions of the '140 patent, knowing of the Patent and its claims, knowing those components to be especially made or especially adapted for use to infringe the '140 patent, and knowing that those components are not

15

staple articles or commodities of commerce suitable for substantial non-infringing use. Amazon has not implemented a design around or otherwise taken any remedial action with respect to the '140 patent. VIS will rely on a reasonable opportunity for discovery of evidentiary information regarding additional infringing products.

## V.    CLAIMS[1]

### COUNT ONE
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,899,492

38.    Plaintiff VIS realleges and incorporates herein paragraphs 1 - 37.

39.    Plaintiff VIS is the assignee of the '492 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

40.    The '492 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

41.    Amazon has directly infringed, and continues to directly infringe, one or more claims of the '492 patent in this judicial district and elsewhere in Virginia and the United States.

42.    Amazon has directly infringed, and continues to directly infringe, at least independent claim 23 and dependent claims thereof of the '492 patent, by, among other things,

---

[1] Plaintiff VIS asserts one or more claims of the '492, '711, '451, '814, '794, '853, and '611 Patents only to the extent the Court's Memorandum Opinion and Order issued January 5, 2017 (ECF Nos. 57 & 58) are overturned on appeal.

making, using, offering for sale, selling, and/or importing tablets that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Such devices include, but are not limited to, Amazon Kindle Fire HD 8.9, Amazon Fire HDX 8.9 and all reasonably similar products of Amazon.

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

43.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '492 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '492 patent (the '492 Accused Products) in this District and elsewhere in the United States.

44.     On information and belief, despite having knowledge of the '492 patent, Amazon has specifically intended for persons who acquire and use the '492 Accused Products, including without limitation end-users of the '492 Accused Products, to acquire and use such devices in such a way that infringes at least one or more of independent claims 1 and 23 and dependent claims thereof of the '492 patent, and Amazon knew or should have known that their actions were inducing infringement.

45.     Defendant has had knowledge of the '492 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

46.     Direct infringement is the result of activities performed by third parties in relation to the '492 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '492 Accused Products in their normal, customary way to infringe the '492 patent.

47.     With knowledge of the '492 patent, Amazon directs and aids third parties,

including without limitation end-users of the '492 Accused Products, to infringe the '492 patent by, among other things, (i) enabling a user of the '492 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '492 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '492 Accused Products for using the products in their customary way; (iii) advertising the '492 Accused Products' support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '492 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '492 Accused Products.

## INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

48.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 1 and 23 and dependent claims thereof of the '492 patent by contributing to the infringement of the '492 patent under 35 U.S.C. §§ 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States the '492 Accused Products.

49.     The '492 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Amazon knows that the '492 Accused Products (i) constitute a material part of the

inventions claimed in the '492 patent; (ii) are especially made or adapted to infringe the '492 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '492 patent.

50.     VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '492 patent. VIS has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT TWO
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,050,711

51.     Plaintiff VIS realleges and incorporates herein paragraphs 1 - 50.

52.     Plaintiff VIS is the assignee of the '711 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

53.     The '711 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

54.     Amazon has directly infringed, and continues to directly infringe, one or more claims of the '711 patent in this judicial district and elsewhere in Virginia and the United States.

55.     Amazon has directly infringed, and continues to directly infringe, at least one or more of claims independent claims 15 and 21 and dependent claims thereof of the '711 patent by, among other things, making, using, offering for sale, selling, and/or importing tablets that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Such devices include, but are not limited to, Amazon Kindle Fire HD 8.9, Amazon Fire HDX 8.9, and all reasonably similar products of Amazon.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

56.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '711 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '711 patent ("the '711 Accused Products"), in this District and elsewhere in the United States.

57.     On information and belief, despite having knowledge of the '711 patent, Amazon has specifically intended for persons who acquire and use the '711 Accused Products, including without limitation end-users of the '711 Accused Products, to acquire and use such devices in such a way that infringes at least one or more of independent claims 1, 15, and 21 and dependent claims thereof of the '711 patent and Amazon knew or should have known that their actions were inducing infringement.

58.     Defendant has had knowledge of the '711 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

59.     Direct infringement is the result of activities performed by third parties in relation to the '711 Accused Products, including without limitation by end users enabled and encouraged

by Amazon to use the '711 Accused Products in their normal, customary way to infringe the '711 patent.

60.     With knowledge of the '711 patent, Amazon directs and aids third parties, including without limitation end-users of the '711 Accused Products, to infringe the '711 patent by, among other things, (i) enabling a user of the '711 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '711 Patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '711 Accused Products for using the products in their customary way; (iii) advertising the '711 Accused Products' support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '711 patent, all with knowledge that the induced acts constitute patent infringement.  Amazon possesses specific intent to encourage infringement by third parties, including without limitation end users of the '711 Accused Products.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

61.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 1, 15, and 21 and dependent claims thereof of the '711 patent by contributing to the infringement of the '711 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '711 Accused Products.

62.     The '711 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Amazon knows that the '711 Accused Products (i) constitute a material part of the inventions claimed in the '711 patent; (ii) are especially made or adapted to infringe the '711 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '711 patent.

63.     VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '711 patent.  VIS has been damaged as a result of Amazon's infringing conduct described in this Count.  Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT THREE
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,903,451

64.     Plaintiff VIS realleges and incorporates herein paragraphs 1–63.

65.     Plaintiff VIS is the assignee of the '451 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

66.     The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

67.     Amazon has directly infringed, and continues to directly infringe, one or more claims of the '451 patent in this judicial district and elsewhere in Virginia and the United States.

68.     In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of independent claims 1, 47, 59, and 67 and certain dependents thereof of the '451 patent by, among other things, making, using, offering for sale, selling, and/or importing intermediate devices and tablets that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Such devices include, but are not limited to Amazon Kindle Fire HD 8.9, Amazon Fire HDX 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick and all reasonably similar products of Amazon.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

69.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '451 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '451 patent ("the '451 Accused Products"), in this District and elsewhere in the United States.

70.     On information and belief, despite having knowledge of the '451 patent, Amazon has specifically intended for persons who acquire and use the '451 Accused Products, including without limitation end-users of the '451 Accused Products, to acquire and use such devices in such a way that infringes at least one or more of independent claims 1, 47, 59, and 67 and certain dependents thereof of the '451 patent and Amazon knew or should have known that their actions

were inducing infringement.

71.     Defendant has had knowledge of the '451 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

72.     Direct infringement is the result of activities performed by third parties in relation to the '451 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '451 Accused Products in their normal, customary way to infringe the '451 patent.

73.     With knowledge of the '451 patent, Amazon directs and aids third parties, including without limitation end-users of the '451 Accused Products, to infringe the '451 patent by, among other things, (i) enabling a user of the '451 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '451 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '451 Accused Products for using the products in their customary way; (iii) advertising the '451 Accused Products'5support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv)  providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '451 patent, all with knowledge that the induced acts constitute patent infringement.  Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '451 Accused Products.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

74.     Based on the information presently available to VIS, VIS contends that Amazon

has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 1, 47, 59 and 67 and certain dependents thereof of the '451 patent by contributing to the infringement of the '451 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '451 Accused Products.

75.    The '451 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Amazon knows that the '451 Accused Products (i) constitute a material part of the inventions claimed in the '451 patent; (ii) are especially made or adapted to infringe the '451 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '451 patent.

76.    VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '451 patent.  VIS has been damaged as a result of Amazon's infringing conduct described in this Count.  Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT FOUR
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,948,814

77.    Plaintiff VIS realleges and incorporates herein paragraphs 1 - 76.

78.    Plaintiff VIS is the assignee of the '814 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS

maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

79.     The '814 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

80.     Amazon has directly infringed, and continues to directly infringe, one or more claims of the '814 patent in this judicial district and elsewhere in Virginia and the United States. In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of independent claims 21 and 28 and certain dependents thereof of the '814 patent by, among other things, making, using, offering for sale, selling, and/or importing intermediate devices and tablets that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Such devices include, but are not limited to, Amazon Kindle Fire HD 8.9, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

81.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '814 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '814 patent and the Amazon Fire HDX 8.9 (the "'814 Accused Products"), in this District and elsewhere in the United States.

82. On information and belief, despite having knowledge of the '814 patent, Amazon has specifically intended for persons who acquire and use the '814 Accused Products, including without limitation end users of the '814 Accused Products, to acquire and use such devices in such a way that infringes the at least one or more of independent claims 18, 21, 28, and 41 and certain dependents thereof of the '814 patent and Amazon knew or should have known that their actions were inducing infringement.

83. Defendant has had knowledge of the '814 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

84. Direct infringement is the result of activities performed by third parties in relation to the '814 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '814 Accused Products in their normal, customary way to infringe the '814 patent.

85. With knowledge of the '814 patent, Amazon directs and aids third parties, including without limitation end-users of the '814 Accused Products, to infringe the '814 patent by, among other things, (i) enabling a user of the '814 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '814 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '814 Accused Products for using the products in their customary way; (iii) advertising the '814 Accused Products'1support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of

the '814 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '814 Accused Products.

## INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

86. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 18, 21, 28, and 41 and certain dependents thereof of the '814 patent by contributing to the infringement of the '814 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '814 Accused Products.

87. The '814 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Amazon knows that the '814 Accused Products (i) constitute a material part of the inventions claimed in the '814 patent; (ii) are especially made or adapted to infringe the '814 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '814 patent.

88. VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '814 patent. VIS has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT FIVE
## PATENT INFRINGEMENT – U.S. PATENT NO. 9,118,794

89.     Plaintiff VIS realleges and incorporates herein paragraphs 1 - 88.

90.     Plaintiff VIS is the assignee of the '794 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

91.     The '794 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

92.     Amazon has directly infringed, and continues to directly infringe, one or more claims of the '794 patent in this judicial district and elsewhere in Virginia and the United States.

93.     In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of independent claims 15 and 19 and certain dependents thereof of the '794 patent by, among other things, making, using, offering for sale, selling, and/or importing mobile phones, intermediate devices, and tablets that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Such devices include, but are not limited to, Amazon Fire Phone, Amazon Kindle Fire HD 8.9, Amazon Fire HDX 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

94.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '794 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '794 patent ("the '794 Accused Products"), in this District and elsewhere in the United States.

95.     On information and belief, despite having knowledge of the '794 patent, Amazon has specifically intended for persons who acquire and use the '794 Accused Products, including without limitation end-users of the '794 Accused Products, to acquire and use such devices in such a way that infringes at least one or more of independent claims 15 and 19 and certain dependents thereof of the '794 patent and Amazon knew or should have known that their actions were inducing infringement.

96.     Defendant has had knowledge of the '794 patent and the infringing nature of their activities at least as early the date when VIS effected service of this Complaint.

97.     Direct infringement is the result of activities performed by third parties in relation to the '794 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '794 Accused Products in their normal, customary way to infringe the '794 patent.

98.     With knowledge of the '794 patent, Amazon directs and aids third parties, including without limitation end-users of the '794 Accused Products, to infringe the '794 patent by, among other things, (i) enabling a user of the '794 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '794 patent; (ii)

providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '794 Accused Products for using the products in their customary way; (iii) advertising the '794 Accused Products' support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '794 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '794 Accused Products.

## INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

99. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 15 and 19 and certain dependents thereof of the '794 patent by contributing to the infringement of the '794 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '794 Accused Products.

100. The '794 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Amazon knows that the '794 Accused Products (i) constitute a material part of the inventions claimed in the '794 patent; (ii) are especially made or adapted to infringe the '794 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative

display terminal as claimed in the '794 patent.

101.    VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '794 patent. VIS has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT SIX
### PATENT INFRINGEMENT – U.S. PATENT NO. 8,712,471

102.    Plaintiff VIS realleges and incorporates herein paragraphs 1 - 101.

103.    Plaintiff VIS is the assignee of the '471 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

104.    The identified claims of the '471 patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

105.    Amazon has directly infringed, and continues to directly infringe, one or more claims of the '471 patent in this judicial district and elsewhere in Virginia and the United States.

106.    In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of independent claims 26-27, 36, 41-42, and 50 and certain dependents thereof of the '471 patent by, among other things, making, using, offering for sale, selling, and/or importing intermediate devices and tablets that are capable of receiving video signals for a

mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Such devices include, but are not limited to, Amazon Kindle Fire HD 8.9, Amazon Fire HDX 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

107. Further, Amazon has directly infringed, and continues to directly infringe at least one or more of independent claims 43, 46, and 50 of the '471 patent by, among other things, making, using, offering for sale, selling, and/or importing devices that are capable, when operating in conjunction with one or more Amazon wireless source devices (e.g., Amazon Fire Phone, Amazon HDX, HD8 (5th Generation), and/or HD10 (5th Generation) tablets), the Amazon HDMI Adapter for Fire Tablets (4th Generation), or the Amazon VGA Adapter for Fire Tablets (4th Generation), of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Such devices include, but are not limited to, Amazon Fire HDX 8.9, Amazon Fire HDX 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, and Amazon Fire Stick, and all reasonably similar products of Amazon.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))**

108. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '471 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '471 patent ("the '471 Accused Products"), in this District and elsewhere in the United States.

109.    On information and belief, despite having knowledge of the '471 patent, Amazon has specifically intended for persons who acquire and use the '471 Accused Products, including without limitation end-users of the '471 Accused Products, to acquire and use such devices in such a way that infringes at least one or more of independent claims 2, 8-9, 16, 26-27, 36, 41-43, 46, and 50 and certain dependents thereof of the '471 patent and Amazon knew or should have known that their actions were inducing infringement.

110.    Defendant has had knowledge of the '471 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

111.    Direct infringement is the result of activities performed by third parties in relation to the '471 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '471 Accused Products in their normal, customary way to infringe the '471 patent.

112.    With knowledge of the '471 patent, Amazon directs and aids third parties, including without limitation end-users of the '471 Accused Products, to infringe the '471 patent by, among other things, (i) enabling a user of the '471 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '471 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '471 Accused Products for using the products in their customary way; (iii) advertising the '471  Accused Products' support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv)  providing to third parties the products and software and related equipment that may be required for or associated with infringement of

the '471 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '471 Accused Products.

## INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

113. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 2, 8-9, 16, 26-27, 36, 41-43, 46, and 50 and certain dependents thereof of the '471 patent by contributing to the infringement of the '471 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '471 Accused Products.

114. The '471 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Amazon knows that the '471 Accused Products (i) constitute a material part of the inventions claimed in the '471 patent; (ii) are especially made or adapted to infringe the '471 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '471 patent.

115. VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '471 patent. VIS has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT SEVEN
### PATENT INFRINGEMENT – U.S. PATENT NO. 9,286,853

116.    Plaintiff VIS realleges and incorporates herein paragraphs 1 - 115.

117.    Plaintiff VIS is the assignee of the '853 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

118.    The identified claims of the '853 patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

119.    Amazon has directly infringed, and continues to directly infringe, one or more claims of the '853 patent in this judicial district and elsewhere in Virginia and the United States.

120.    In particular, Amazon has directly infringed, and continues to directly infringe at least independent claim 34 and certain dependents thereof of the '853 patent by, among other things, making, using, offering for sale, selling, and/or importing intermediate devices and tablets that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Such devices include, but are not limited to, Amazon Kindle Fire HDX 8.9, Amazon Kindle Fire HD 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))**

121.    Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '853 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '853 patent ("the '853 Accused Products"), in this District and elsewhere in the United States.

122.    On information and belief, despite having knowledge of the '853 patent, Amazon has specifically intended for persons who acquire and use the '853 Accused Products, including without limitation end-users of the '853 Accused Products, to acquire and use such devices in such a way that infringes at least independent claim 34 and certain dependents thereof of the '853 patent and Amazon knew or should have known that their actions were inducing infringement.

123.    Defendant has had knowledge of the '853 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

124.    Direct infringement is the result of activities performed by third parties in relation to the '853 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '853 Accused Products in their normal, customary way to infringe the '853 patent.

125.    With knowledge of the '853 patent, Amazon directs and aids third parties, including without limitation end-users of the '853 Accused Products, to infringe the '853 patent by, among other things, (i) enabling a user of the '853 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '853 patent; (ii)

providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '853 Accused Products for using the products in their customary way; (iii) advertising the '853 Accused Products' support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '853 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '853 Accused Products.

### INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

126. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least independent claim 34 and certain dependents thereof of the '853 patent by contributing to the infringement of the '853 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '853 Accused Products.

127. The '853 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Amazon knows that the '853 Accused Products (i) constitute a material part of the inventions claimed in the '853 patent; (ii) are especially made or adapted to infringe the '853 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative

display terminal as claimed in the '853 patent.

128. VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '853 patent. VIS has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT EIGHT
### PATENT INFRINGEMENT – U.S. PATENT NO. 9,355,611

129. Plaintiff VIS realleges and incorporates herein paragraphs 1 - 128.

130. Plaintiff VIS is the assignee of the '611 patent, entitled "Methods, System and Apparatus for Displaying the Multimedia Information from Wireless Communication Networks," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

131. The identified claims of the '611 patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

132. Amazon has directly infringed, and continues to directly infringe, one or more claims of the '611 patent in this judicial district and elsewhere in Virginia and the United States.

133. In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of independent claims 1 and 31 and certain dependents thereof of the '611 patent by, among other things, making, using, offering for sale, selling, and/or importing intermediate devices and tablets that are capable of receiving video signals for a mobile terminal

and converting those signals to accommodate reproduction by an alternative display terminal. Such devices include, but are not limited to, Amazon Fire HDX 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, and all reasonably similar products of Amazon.

134. Further, Amazon has directly infringed, and continues to directly infringe at least independent claim 48 and certain dependents thereof of the '611 patent by, among other things, making, using, offering for sale, selling, and/or importing devices that are capable, when operating in conjunction with the Amazon HDMI Adapter for Fire Tablets (4th Generation) or the Amazon VGA Adapter for Fire Tablets (4th Generation), or one or more Amazon wireless source devices (e.g., Amazon Fire Phone, Amazon HDX, HD8 (5th Generation), and/or HD10 (5th Generation) tablets), of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal. Such devices include, but are not limited to, Amazon Fire HDX 8.9, Amazon Fire HD Kids Edition, Amazon Fire HD6, Amazon Fire HD7, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

135. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, one or more claims of the '611 patent by inducing direct infringement by third parties, including without limitation manufacturers, resellers, and/or end users of the products accused of infringing the '611 patent ("the '611 Accused Products"), in this District and elsewhere in the United States.

136. On information and belief, despite having knowledge of the '611 patent, Amazon has specifically intended for persons who acquire and use the '611 Accused Products, including without limitation end-users of the '611 Accused Products, to acquire and use such devices in

such a way that infringes at least one or more of independent claims 1, 31, and 48 and certain dependents thereof of the '611 patent and Amazon knew or should have known that their actions were inducing infringement.

137.     Defendant has had knowledge of the '611 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

138.     Direct infringement is the result of activities performed by third parties in relation to the '611 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '611 Accused Products in their normal, customary way to infringe the '611 patent.

139.     With knowledge of the '611 patent, Amazon directs and aids third parties, including without limitation end-users of the '611 Accused Products, to infringe the '611 patent by, among other things, (i) enabling a user of the '611 Accused Products to use the products to support receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '611 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '611 Accused Products for using the products in their customary way; (iii) advertising the '611 Accused Products' support of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal; and (iv)  providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '611 patent, all with knowledge that the induced acts constitute patent infringement.  Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '611 Accused Products.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

140.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe at least one or more of independent claims 1, 31, and 48 and certain dependents thereof of the '611 patent by contributing to the infringement of the '611 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '611 Accused Products.

141.     The '611 Accused Products are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal.  Amazon knows that the '611 Accused Products (i) constitute a material part of the inventions claimed in the '611 patent; (ii) are especially made or adapted to infringe the '611 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are capable of receiving video signals for a mobile terminal and converting those signals to accommodate reproduction by an alternative display terminal as claimed in the '611 patent.

142.     VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '611 patent.  VIS has been damaged as a result of Amazon's infringing conduct described in this Count.  Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT NINE
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,135,398

143.     The VIS realleges and incorporates herein paragraphs 1 - 142.

144.     Plaintiff VIS is the assignee of the '398 patent, entitled "Method and Apparatus

for Multimedia Communications with Different User Terminals," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

145.　The identified claims of the '398 patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

146.　Amazon has directly infringed, and continues to directly infringe, one or more claims of the '398 patent in this judicial district and elsewhere in Virginia and the United States.

147.　In particular, Amazon has directly infringed, and continues to directly infringe at least independent claim 14 and certain dependents thereof of the '398 patent by, among other things, making, using, offering for sale, selling, and/or importing devices and that are capable of receiving multimedia content and sending converted content in a determined signal format for reproduction on a destination display device. Such devices include, but are not limited to, Amazon Kindle Fire HD 8.9, Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

148.　Further, Amazon has directly infringed, and continues to directly infringe at least independent claims 14, 59, and 65 and certain dependents thereof of the '398 patent by, among other things, making, using, offering for sale, selling, and/or importing devices that are capable, when operating in conjunction with one or more Amazon wireless source devices (e.g., Amazon Fire Phone, Amazon HDX, HD8 (5th Generation), and/or HD10 (5th Generation) tablets), of receiving multimedia content and sending converted content in a determined signal format for reproduction on a destination display device.. Such devices include, but are not limited to

Amazon Fire TV 1st Gen, Amazon Fire TV 2nd Gen, Amazon Fire TV Gaming Edition, Amazon Fire Stick, and all reasonably similar products of Amazon.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))

149.    Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, at least one or more claims of the '398 patent by inducing direct infringement by third parties, including without limitation end users of the products accused of infringing the '398 patent ("the '398 Accused Products"), in this District and elsewhere in the United States.

150.    On information and belief, despite having knowledge of the '398 patent, Amazon has specifically intended for persons who acquire and use the '398 Accused Products, including without limitation end-users of the '398 Accused Products, to acquire and use such devices in such a way that infringes at least independent claims 1, 14, 59, and 65 and certain dependents thereof of the '398 patent and Amazon knew or should have known that their actions were inducing infringement.

151.    Defendant has had knowledge of the '398 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

152.    Direct infringement is the result of activities performed by third parties in relation to the '398 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '398 Accused Products in their normal, customary way to infringe the '398 patent.

153.    With knowledge of the '398 patent, Amazon directs and aids third parties, including without limitation end-users of the '398 Accused Products, to infringe the '398 patent by, among other things, (i) enabling a user of the '398 Accused Products to use the products to

receive multimedia content and send converted content in a determined signal format for reproduction on a destination display device, as claimed in the '398 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '398 Accused Products for using the products in their customary way; (iii) advertising the '398 Accused Products' support of receiving multimedia content and sending converted content in a determined signal format for reproduction on a destination display device; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '398 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '398 Accused Products.

**INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))**

154. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe a at least one or more of independent claims 1, 14, 59, and 65 and certain dependents thereof of the '398 patent by contributing to the infringement of the '398 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '398 Accused Products.

155. The '398 Accused Products are capable of receiving multimedia content and sending converted content in a determined signal format for reproduction on a destination display device. Amazon knows that the '398 Accused Products (i) constitute a material part of the inventions claimed in the '398 patent; (ii) are especially made or adapted to infringe the '398 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use;

and (iv) are components used for or in systems that receive multimedia content and send converted content in a determined signal format for reproduction on a destination display device, as claimed in the '398 patent.

156.     VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '398 patent.   VIS has been damaged as a result of Amazon's infringing conduct described in this Count.   Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT TEN
## PATENT INFRINGEMENT – U.S. PATENT NO. 9,369,844

157.     Plaintiff VIS realleges and incorporates herein paragraphs 1 - 156.

158.     Plaintiff VIS is the assignee of the '844 patent, entitled "System and Method for Providing Locally Applicable Internet Content with Secure Action Requests and Item Condition Alerts," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

159.     The identified claims of the '844 patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

160.     Amazon has directly infringed, and continues to directly infringe, one or more claims of the '844 patent in this judicial district and elsewhere in Virginia and the United States.

161.     In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of claims 28, 35, and 52 and certain dependents thereof of the '844 patent by, among other things, making, using, offering for sale, selling, and/or importing the Amazon Dash

Button, and all reasonably similar products of Amazon.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))**

162.     Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, at least one or more claims of the '844 patent by inducing direct infringement by third parties, including without limitation end users of the products accused of infringing the '844 patent ("the '844 Accused Products"), in this District and elsewhere in the United States.

163.     On information and belief, despite having knowledge of the '844 patent, Amazon has specifically intended for persons who acquire and use the '844 Accused Products, including without limitation end-users of the '844 Accused Products, to acquire and use such devices in such a way that infringes at least independent claim 28 and certain dependents thereof of the '844 patent and Amazon knew or should have known that their actions were inducing infringement.

164.     Defendant has had knowledge of the '844 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

165.     Direct infringement is the result of activities performed by third parties in relation to the '844 Accused Products, including without limitation by end users enabled and encouraged by Amazon to use the '844 Accused Products in their normal, customary way to infringe the '844 patent.

166.     With knowledge of the '844 patent, Amazon directs and aids third parties, including without limitation end-users of the '844 Accused Products, to infringe the '844 patent by, among other things, (i) enabling a user of the '844 Accused Products to wirelessly transmit a signal relating to a condition of a merchandise that is identified as a user's request for purchase

of the merchandise, as claimed in the '844 patent; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '844 Accused Products for using the products in their customary way; (iii) advertising the '844 Accused Products; and (iv) providing to third parties the products and software and related equipment that may be required for or associated with infringement of the '844 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '844 Accused Products.

## INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

167. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe a at least one or more of independent claims 28, 35, and 52 and certain dependents thereof of the '844 patent by contributing to the infringement of the '844 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '844 Accused Products.

168. The '844 Accused Products are capable of wirelessly transmitting a signal relating to a condition of a merchandise that is identified as a user's request for purchase of the merchandise. Amazon knows that the '844 Accused Products (i) constitute a material part of the inventions claimed in the '844 patent; (ii) are especially made or adapted to infringe the '844 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that wirelessly transmit a signal relating to a condition of a merchandise that is identified as a user's request for purchase of the merchandise, as claimed in the '844 patent.

169.    VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '844 patent. VIS has been damaged as a result of Amazon's infringing conduct described in this Count. Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT ELEVEN
## PATENT INFRINGEMENT – U.S. PATENT NO. RE46,140

170.    Plaintiff VIS realleges and incorporates herein paragraphs 1 - 169.

171.    Plaintiff VIS is the assignee of the '140 patent, entitled "Method and System for Conducting Business in a Transnational e-Commerce Network," and holds all substantial rights in the same. Among other rights, Plaintiff VIS maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement.

172.    The identified claims of the '140 patent are valid, enforceable and were duly issued in full compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

173.    Amazon has directly infringed, and continues to directly infringe, one or more claims of the '140 patent in this judicial district and elsewhere in Virginia and the United States.

174.    In particular, Amazon has directly infringed, and continues to directly infringe at least one or more of claims 17, 19 and certain dependents thereof of the '140 patent by, among other things, making, using, offering for sale, selling, and/or importing the by providing the Amazon online payment service, also known as Amazon Payments. *See* https://payments.amazon.com. Specifically, Amazon provides a facility including a payment

server whereby online communication of an online user is switched from a website of a merchant of goods or services to a website supported by Amazon's payment server to render payment and consummate the transaction.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. § 271(b))**

175.    Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe, at least one or more claims of the '140 patent by inducing direct infringement by third parties, including without limitation end users of the products/services accused of infringing the '140 patent ("the '140 Accused Products/Services"), in this District and elsewhere in the United States.

176.    On information and belief, despite having knowledge of the '140 patent, Amazon has specifically intended for persons who acquire and use the '140 Accused Products/Services, including without limitation end-users of the '140 Accused Products/Services, to acquire and/or use such products/services in such a way that infringes at least independent claims 17, 19 and certain dependents thereof of the '140 patent and Amazon knew or should have known that their actions were inducing infringement.

177.    Defendant has had knowledge of the '140 patent and the infringing nature of their activities at least as early the date when VIS effected service of the original Complaint.

178.    Direct infringement is the result of activities performed by third parties in relation to the '140 Accused Products/Services, including without limitation by end users enabled and encouraged by Amazon to use the '140 Accused Products/Services in their normal, customary way to infringe the '140 patent.

179.    With knowledge of the '140 patent, Amazon directs and aids third parties, including without limitation end-users of the '140 Accused Products/Services, to infringe the

'140 patent by, among other things, (i) enabling a user of the '140 Accused Products/Services to send payment information to a payment server through a secure channel to complete an online transaction; (ii) providing instructions (including, by way of example, the tutorials, user guides, product guides, help library, and other documentation) to end-users of the '140 Accused Products/Services for using the products/Services; (iii) advertising the '140 Accused Products/Services; and (iv) providing to third parties the products/services and software and related equipment that may be required for or associated with infringement of the '140 patent, all with knowledge that the induced acts constitute patent infringement. Amazon possesses specific intent to encourage infringement by third parties, including without limitation end-users of the '140 Accused Products.

## INDIRECT INFRINGEMENT (CONTRIBUTION - 35 U.S.C. §§ 271(c) and/or (f))

180. Based on the information presently available to VIS, VIS contends that Amazon has indirectly infringed, and continues to indirectly infringe a at least one or more of independent claims 17, 19, and certain dependents thereof of the '140 patent by contributing to the infringement of the ' 140 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '140 Accused Products.

181. The '140 Accused Products/Services provide a method and a payment server for secure transmission of payment information to complete an e-commerce transaction. Amazon knows that the '140 Accused Products/Services (i) constitute a material part of the inventions claimed in the '140 patent; (ii) are especially made or adapted to infringe the '140 patent; (iii) are not staple articles or commodities of commerce suitable for non-infringing use; and (iv) are components used for or in systems that are used as claimed in the '140 patent.

182.     VIS is informed and believes that Amazon intends to and will continue to directly and indirectly infringe the '140 patent.   VIS has been damaged as a result of Amazon's infringing conduct described in this Count.   Amazon is, thus, liable to VIS in an amount that adequately compensates VIS for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VII.    JURY DEMAND

183.     Plaintiff VIS demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to Fed. R. Civ. P. 38.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, plaintiff Virginia Innovation Sciences, Inc. prays for judgment and seeks relief against Amazon as follows:

a.      Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Amazon;

b.      Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Amazon of the Asserted Patents in accordance with 35 U.S.C. §284; and

c.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  January 11, 2017                    Respectfully submitted,

By: /s/William E. Bradley_____
      William E. Bradley
      Virginia State Bar No. 42623
      **Michael, Best & Friedrich, LLP**
      601 Pennsylvania Ave, NW Ste 700S
      Washington, DC 20004

(202) 747-9572
(202) 347-1819 Facsimile
webradley@michaelbest.com

Andrew G.  DiNovo
Texas State Bar No. 00790594
Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
**DiNovo Price Ellwanger & Hardy LLP**
7000 N.  MoPac Expressway, Suite 350
Austin, Texas  78731
(512) 539-2626
(512) 539-2627 Facsimile
adinovo@dpelaw.com
aprice@dpelaw.com
cgoodpastor@dpelaw.com

COUNSEL FOR PLAINTIFF
VIRGINIA INNOVATION SCIENCES, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 11th day of January, 2017, I will cause the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to the attorneys of record in this case.


/s/William E. Bradley_____
William E. Bradley
Virginia State Bar No. 42623
**Michael, Best & Friedrich, LLP**
601 Pennsylvania Ave, NW Ste 700S
Washington, DC 20004
(202) 747-9572
(202) 347-1819 Facsimile
webradley@michaelbest.com