**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| VIRGINIA INNOVATION SCIENCES, INC., | ) <br> ) Case No. 1:16-cv-00861 (LO-MSN) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| AMAZON.COM, INC., | ) <br> ) |
| Defendant. | ) <br> ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION
TO FILE DOCUMENTS UNDER SEAL**

Amazon.com, Inc. ("Amazon"), by counsel, states as follows in support of its Motion to File Documents Under Seal pursuant to E.D. Va. Loc. Civ. R. 5.

**BACKGROUND**

In this action, Plaintiff Virginia Innovation Sciences, Inc. ("VIS") has asserted claims for patent infringement regarding U.S. Patent Nos. 7,899,492, 8,050,711, 8,903,451, 8,948,814, 9,118,794, 8,712,471, 9,286,853, and 9,355,611 (collectively, the "'492 patent family"), U.S. Patent Nos. 8,135,398 (the "'398 patent") and 9,369,844 (the "'844 patent"), and U.S. Reissue Patent No. RE46,140 (the "'140 patent"). On November 21, 2019, the Court dismissed with prejudice the remaining remanded patent infringement claims regarding the '844 patent alleged by VIS.[1] Dkt. No. 249. On January 13, 2020, Amazon filed the following documents in this case:

---

[1] As this Court knows, the litigation and appeals of the patent infringement allegations in this case proceeded in two stages. The first stage concerned the '492 patent family. On January 5, 2017, this Court concluded the '492 patent family was directed to patent-ineligible subject matter under 35 U.S.C. § 101 and granted Amazon's Rule 12(b)(6) motion to dismiss on that basis. Dkt. No. 58. Partial judgment was entered with respect to that decision on February 9, 2017 and

- Reply in Support of Amazon's Motion for Reasonable Attorneys' Fees Under 35 U.S.C. § 285; and,

- Reply Declaration of Saina Shamilov in Support of Amazon's Motion for Reasonable Attorneys' Fees Under 35 U.S.C. § 285 (collectively, the "Confidential Documents").

The Confidential Documents contain material designated by Amazon and/or VIS as subject to the disclosure restrictions set forth in this Court's Stipulated Protective Order (Dkt. No. 99), thus permitting Amazon to seek the sealing of the Confidential Documents. The information designated by Amazon pertains to highly confidential and sensitive information relating to Fenwick and Troutman's representation of Amazon during this litigation, and other highly confidential, proprietary, and sensitive business information, the disclosure of which could harm the party's competitive standing. The confidential information designated by VIS pertains to deposition testimony from Anne Wong (a.k.a Tiehong (Ann) Wang) dated on June 22, 2017

---

VIS appealed that ruling to the United States Court of Appeals for the Federal Circuit. Dkt. Nos. 74, 77. The Federal Circuit affirmed on April 11, 2018 pursuant to Fed. Cir. R. 36. The second stage of litigation concerned the remaining three patents (the '398 patent, the '844 patent, and the '140 patent). On January 26, 2018, after claim construction and following the December 22, 2017 decision from the Court (Dkt. No. 203) on Amazon's motion for summary judgment (Dkt. No. 150), judgment was entered in favor of Amazon with respect to the '398 patent, '844 patent, and '140 patent. Dkt. No. 206. VIS appealed. Dkt. No. 205. On July 2, 2019, the Federal Circuit affirmed as to the '398 patent and '140 patent and vacated in part and remanded as to the '844 patent. Dkt. No. 235.

On February 14, 2018, after entry of judgment, Amazon filed its first motion for attorneys' fees under 35 U.S.C. § 285 and a request to file certain documents related to that motion under seal. *See generally* Dkt. Nos. 211 to 213 (relating to sealing) and Dkt. Nos. 214 to 217 (relating to the fee motion). The February 2018 fee motion sought fees in connection judgments regarding all the patents at issue in the litigation. On February 23, 2018, this Court granted Amazon's sealing request relating to the February 2018 fee motion. Dkt. No. 219. On May 15, 2018, the Court denied without prejudice Amazon's February 2018 fee motion, "declin[ing] to consider this motion until after the resolution of the pending appeals before the United States Court of Appeals for the Federal Circuit." Dkt. No. 234. The Court authorized Amazon to "refile this motion after the appeals are resolved, if Defendant has good cause to do so." *Id.* Now that the Federal Circuit appeals have been resolved as to all the patents at issue in this litigation, Amazon has submitted its Renewed Fee Motion.

(previously filed under seal as Exhibit 6 to the Shamilov Declaration, Dkt. No. 255-6)[2] and Opening Expert Report of Dr. Melendez (previously filed as Exhibit E, Dkt. No. 152-1).[3]

Amazon's Reply in Support of the Fee Memorandum and the Reply Declaration of Saina Shamilov contain references to this information. Amazon is filing the Confidential Documents as sealed documents through the Court's ECF system pending the Court's decision on Amazon's Motion.

Redacted copies of Amazon's Reply and the Reply Declaration of Saina Shamilov have been filed on the Court's public docket.

## ARGUMENT

The Fourth Circuit has established both substantive and procedural requirements that a district court must follow in reviewing a motion to seal materials or testimony. *Va. Dep't. of State Police v. The Washington Post*, 386 F.567, 576 (4th Cir. 2004).[4] Substantively, the Court must determine the source of the public's right to access and then weigh the appropriate competing interests. *Id*. Procedurally, the district court must: (A) provide notice to the public and give the public an opportunity to object to the sealing, (B) consider less drastic alternatives to sealing, and (C) provide specific findings in support of the decision to seal and the rejection of alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). As was the case when the Court examined these documents in connection with the prior fee motion, these prerequisites are satisfied here.

---

[2] The Court granted the request to seal Exhibit 6 on December 26, 2019. Dkt. No. 261.

[3] The Court granted the request to seal Exhibit E on October 2, 2017. Dkt. No. 165.

[4] While Federal Circuit law governs substantive issues in patent cases, the law of the Fourth Circuit governs motions to seal. *Level 3 Comm's., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 575 (E.D. Va. 2009).

### A. Sources for Public's Right of Access

The right of the public to access documents or materials filed in a district court derives from two sources – the common law and the First Amendment. *Washington Post*, 386 F.3d at 575. While the common law recognizes a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute and courts may properly deny access to court records and files where such access "might become a vehicle for improper purposes." *Nixon v. Warner Comm's., Inc.*, 435 U.S. 589, 597-98 (1978). Whether to allow access to court records under the common law right of public access is "left to the sound discretion of the court . . . in light of the relevant facts and circumstances of the particular case." *Id*. at 598. In particular, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Id*. Thus, the common law presumption of common law access to all judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The Court must weigh the competing public and private interests to determine if the party seeking to overcome the common law presumption in favor of public access has met its burden of showing "some significant interest that outweighs the presumption." *Id*. A corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records." *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *see also U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC-08-18623, 2013 U.S. Dist. LEXIS 98285, at *19 (D. Md. July 15, 2013) (observing that the pleadings and "exhibits contain proprietary business information and sensitive financial information that remains relevant to their business").

In contrast, the First Amendment to the U.S. Constitution presumes a public right to access only particular judicial records and documents. *Washington Post*, 386 F.3d at 575. *See also ACLU v. Holder*, 673 F.3d 245, 252 (4th Cir. Mar. 28, 2011). While the common law right of access attaches to all judicial records and documents, the First Amendment guarantee of access to civil court proceedings extends only to trial proceedings and to dispositive motions and hearings. *Washington Post*, 386 F.3d at 578–79.

Here, Amazon seeks to seal documents it submits in support of its Reply in support of its Motion for Reasonable Attorneys' Fees Under 35 U.S.C. § 285. The Confidential Documents are more fully described above. Amazon and VIS have requested that all of these documents be marked as containing confidential information. Accordingly, under this Court's Protective Order and the Texas Protective Order, Amazon now seeks the sealing of the Confidential Documents when filed with the Court. Because the materials that Amazon seeks to seal do not pertain to a dispositive motion, only the common law right of access to judicial records apply.

### B.     Public Notice

Amazon has filed contemporaneously herewith a Notice of this Motion to be docketed by the Clerk, which will provide the public with an opportunity to bring objections, if any, to sealing the Confidential Documents. The Court does not need to provide individual notice to the public of each document that is to be sealed. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). It is sufficient to docket the notice "reasonably in advance of deciding the issue." *Id.*

### C.     Less Drastic Alternatives

Amazon requests sealing of the Confidential Documents because Amazon and VIS have marked the Confidential Documents as containing information subject to the disclosure restrictions set forth in this Court's Protective Order (Dkt. No. 99). Specifically, the Confidential Documents

include proprietary and confidential business and financial information and other highly confidential and sensitive information relating to Fenwick and Troutman's representation of Amazon during this litigation, which have been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Confidential Documents also include a deposition transcript marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the protective order (*see* Dkt. No. 99 at Section 5.2(b)).

Sealing the Confidential Documents is necessary to avoid the public disclosure of the confidential information Amazon and VIS have identified in the Confidential Documents because no procedure other than filing under seal will be sufficient to preserve the confidentiality of the information. *See, e.g.*, *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999) (stating "[w]here … the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted") (citing *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995); Fed. R. Civ. P. 26(c)). Further, this Court has approved the sealing of billing records and other documentation submitted in connection with motions seeking reasonable attorneys' fees, including in this case in connection with Amazon's February 2018 fee motion. *See* Dkt. No. 219; *see also BMG Rights Mgmt. (US) LLC v. Cox Communs., Inc.*, 234 F. Supp. 3d 760, 785 (E.D. Va. 2017) (granting motion to seal confidential business information submitted in connection with motion for costs and attorneys' fees in copyright infringement action, including billing records, where information was covered by a protective order, the parties' complied with the procedural requirements of Local Civil Rule 5, and no objections were noted), *vacated on other grounds*, No. 16-1972, No. 17-1352, No. 17-1353, 2018 WL 650316 (4th Cir. Feb. 1, 2018); *see also Swimways Corp. v. Aqua-Leisure Indus.*,

No. 2:16cv260, 2017 U.S. Dist. LEXIS 119856, at *10 n.5 (E.D. Va. July 31, 2017) (authorizing sealing of unredacted billing records submitted in connection with motion for sanctions pursuant to Fed. R. Civ. P. 37(a) seeking attorneys' fees); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) (noting that "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the [attorney-client] privilege").

As indicated above, redacted versions of Amazon's Reply and the Reply Declaration of Saina Shamilov have been filed on the Court's public docket.

### D. Specific Findings

As stated above, Amazon has represented that the Confidential Documents, which have been appropriately marked and filed under seal pending the resolution of this Motion, contain Amazon and VIS's highly sensitive information, including highly confidential and sensitive information relating to Fenwick and Troutman's representation of Amazon during this litigation and other highly confidential, proprietary, and sensitive business information, the disclosure of which could harm the party's competitive standing. The Confidential Documents also include a deposition transcript marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Amazon's Reply in support of the Fee Memorandum and the Reply Declaration of Saina Shamilov contain references to this confidential and highly sensitive, proprietary information. This confidential information has not been made public. As recognized by Federal Rule of Civil Procedure 26(c) and case law, it is appropriate for federal courts to protect the confidentiality of information such as that referenced in the Confidential Documents, and there is no competing interest which would justify disclosure of this information.

Furthermore, no evidence exists to suggest that the public has already had access to the information sought to be filed under seal. Nor is there any showing that the facts and claims at issue concern or rise to the level of "important historical events." Absent information to the contrary, the parties' desire to protect sensitive information outweighs the public's common law right to access judicial documents, thereby justifying sealing the Confidential Documents at issue in this motion.

Given the confidential nature of the Confidential Documents and the necessity of filing those documents with the Court, there is no alternative other than filing under seal that will protect such information from disclosure to the public. Redacted copies of the Reply and Reply Declaration of Saina Shamilov have been filed on the Court's public docket. The confidential and competitively sensitive nature of the Confidential Documents outweighs the public's right of access to judicial records in this case. Amazon therefore seeks the sealing of the Confidential Documents pursuant to Local Civil Rule 5.

## CONCLUSION

For the foregoing reasons, Amazon requests that the Court grant its Motion and enter the attached proposed Order providing for the sealing of the Confidential Documents.

Dated: January 13, 2020

Respectfully submitted,

**AMAZON.COM, INC.**

*Of counsel:*

*/s/ Laura Anne Kuykendall*

J. David Hadden**
dhadden@fenwick.com
Saina Shamilov**
sshamilov@fenwick.com
Todd Gregorian*
tgregorian@fenwick
Jeffrey Ware*
jware@fenwick.com

Dargaye Churnet*
dchurnet@fenwick.com
Ravi Ranganath *
rranganath@fenwick.com
Sapna Mehta*
smehta@fenwick.com
Jessica M. Kaempf*
jkaempf@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

**Admitted Pro Hac Vice*

Robert A. Angle (VSB No. 37691)
  robert.angle@troutmansanders.com
Laura Anne Kuykendall (VSB No. 82318)
  la.kuykendall@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-1468
Facsimile:  (804) 697-1339

Mary Catherine Zinsner (VSB No. 31397)
  mary.zinsner@troutman.com
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: (703) 734-4363
Facsimile: (703) 734-4340