**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| INNOVATION SCIENCES, LLC, f/k/a, VIRGINIA INNOVATION SCIENCES, INC.,       *Plaintiff*, <br><br> v. <br><br> AMAZON.COM, INC.,       *Defendant*.   ) ) ) ) ) ) ) ) ) ) | Hon. Liam O'Grady <br> Case No. 1:16-cv-0861 |

## ORDER

This matter comes before the Court on Defendant Amazon.com, Inc's supplemental motion for attorney's fees pursuant to 35 U.S.C. § 285. Dkt. 304. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**. The Court awards $107,014.70 in attorney's fees.

## I.  BACKGROUND

The Court does not rule on a blank slate for purposes of this motion. In February 2020, the Court awarded Amazon $722,740.50 in reasonable attorney's fees pursuant to 35 U.S.C. § 285, finding the award warranted by the exceptional nature of the patent claims asserted by Innovation Sciences, LLC ("IS"). *See generally* Dkt. 275. IS appealed this decision to the Federal Circuit, Dkt. 283, and the Parties simultaneously engaged in a dispute over IS's entry of a bond to stay the judgment pending the appeal. Dkts. 279, 287, 289. The Court did not authorize an unsecured bond, but stayed execution of the judgment for sixty days to provide IS with adequate time to secure the amount. *See* Dkt. 290. IS timely posted the bond. Dkt. 295.

On January 5, 2021, the Federal Circuit affirmed the Court's attorney's fee award. *See generally* Dkt. 297. It agreed that the case was "exceptional" given the totality of the

circumstances, and found no abuse of discretion in the Court's determination that IS's "litigation positions were so substantively weak after the claim construction occurred that this case stands out from others." *Id.* at 6. The Federal Circuit denied a petition for rehearing, Dkt. 299, and its mandate issued on March 2, 2021. That same day, Amazon filed this supplemental motion for attorney's fees. Dkt. 304.

## II.    LEGAL STANDARD

This Court wields broad authority to award reasonable attorney's fees in this case pursuant to 35 U.S.C. § 285. *See Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010)). The Court employs the lodestar method to determine "fee reasonableness." *Id.* Using this method, a court multiplies the number of hours reasonably expended on a matter by a reasonable hourly rate. *Id.*; *see also Bywaters v. United States*, 670 F.3d 1221, 1229–30 (Fed. Cir. 2012); *Robinson v. Equifax Info. Svcs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009).

## III.    DISCUSSION

IS does not and cannot contest the reasonableness of Amazon's hourly rates, which were previously authorized by this Court and thereafter affirmed by the Federal Circuit. Instead, IS challenges as unreasonable the work and hours for which Amazon seeks reimbursement. *See generally* Dkt. 312.

Amazon requests attorney's fees for three categories of work: (1) its original motion for attorney's fees; (2) its defense of IS's appeal of the Court's fee award; and (3) "other post-judgment work," namely its opposition of IS's motion to stay enforcement of the fee award. Dkt. 318, at 2. Amazon spent 219.3 hours on the original motion for attorney's fees, 193.1 hours on defending IS's appeal of the Court's fee award, and 79.1 hours on its "other post-judgment

2

work." Dkt. 306, at 4. The Court addresses the reasonableness of the work expended in connection with these three categories in turn.

First, contrary to Plaintiff's argument, Amazon's original motion for fees is not time-barred. *See* Dkt. 312, at 1–4. Its initial estimate of "fees on fees" tracks the requirements of Federal Rule of Civil Procedure 54(d)(2)(B)(iii) ("Unless a statute or a court order provides otherwise, [a fee] motion must state the amount sought *or provide a fair estimate of it*.") (emphasis added); *see also* Dkt. 318, at 2–3. A comparison between the hours listed in Shamilov's declaration, Dkt. 255-4, and the Court's previous fee award, Dkt. 275, at 13–14, makes clear that the Court withheld an award for this work at the time due to Amazon's lack of access to high quality billing data. Amazon's contemporaneous declarations now paint a clearer portrayal of its "fees on fees" billing, as the Court had hoped.

Though not time-barred, Amazon's original fee petition is the product of an unreasonable number of hours expended. Amazon attests that it committed "approximately 219.3 hours of attorney and staff time" to the original fee petition. Dkt. 306, at 4. This tally far exceeds that which many courts in this Circuit have deemed acceptable. *See, e.g.*, *Spell v. McDaniel*, 852 F.2d 762, 770 (4th Cir. 1988) (citing *Sun Publishing Co. v. Mecklenburg News, Inc.*, 823 F.2d 818, 819–20 (4th Cir. 1987)) ("A like reduction [of 70%] is properly applied to the simply incredible 64.6 hours that counsel contend in their supplemental motion they spent preparing the present fee petition. Nineteen attorney hours were sufficient to accomplish the initial task as well as to reply to defendants' objections."); *Harwood v. Am. Airlines, Inc.*, 2019 WL 3244200, at *4 (E.D. Va. May 16, 2019) (finding thirty-three hours spent on a fee petition unreasonable); *McAfee v. Boczar*, 2012 WL 6623038, at *3 (E.D. Va. Dec. 19, 2012) (awarding fees for only one third of roughly seventy hours spent on a fee petition); *Capital Hospice v. Global One*

*Lending, LLC*, 2009 WL 10730781, at \*4 (E.D. Va. July 1, 2009) ("Here, 12.7 hours of an attorney's time preparing a fee petition seems excessive, particularly given that such work is relatively straightforward and much of it could have been delegated to staff. The Court therefore will cut the amount of hours spent preparing the fee petition in half, from 12.7 hours to 6.35 hours."); *see also Powell v. Prince George's Cty., Maryland*, 2020 WL 5417563, at \*9 (D. Md. Sept. 10, 2020); *Page v. Virginia State Bd. of Elections*, 2015 WL 11256614, at \*12 (E.D. Va. Mar. 11, 2015); *McAfee v. Boczar*, 2012 WL 6623038, at \*3 (E.D. Va. Dec. 19, 2012), *aff'd*, 738 F.3d 81, 86 n.3 (4th Cir. 2013); *cf. Crump v. United States Dep't of Navy by & through Mabus*, 245 F. Supp. 3d 692, 715 (E.D. Va. 2017) (finding roughly 180 hours spent on a fee petition filed post trial to be reasonable). The Court appreciates that Amazon's work on the fee petition involved "compilation and review of 3 1/2 years of national and local counsel fees data." Dkt. 306-1, at 9. Still, the foregoing authorities instruct that "94 hours for an opening brief, 94 hours for a reply, and 31 hours for hearing preparation" is excessive. *See id.*

Amazon provides itemized billing entries and details the hours it spent on the original fee petition.[1] However, it does not specify the fee petition's monetary share of the across-the-board $187,300.50 it seeks. *See* Dkt. 306-1, at 8. In effect, Amazon shifts to the Court the burden of calculating this monetary share through best-guess assumptions about Amazon's data tagging methodology. This asks the Court to shoulder the obligation of adjudicating "a second major litigation." *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 181 (4th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). The Court cannot feasibly do what Amazon could have easily done with its own data. Instead, the Court will assume Amazon

---

[1] *See* Dkt. 306, at 7, ¶ 8 ("The first table below lists the number of hours invoiced on this case since September 30, 2019 (the last date of Amazon's original fee request) through October 7, 2020 (the last date for work on the appeal), broken out by timekeeper. The second table below lists the same hours broken out by case phase (fee motion, enforcement of judgment, appeal). The data underlying these summary tables is included in Exhibit 2.").

charged a constant blended rate throughout all three categories of work for which it seeks reimbursement. *Cf. Copeland v. Marshall*, 641 F.2d 880, 903 (D.C. Cir. 1980) ("It is neither practical nor desirable to expect the trial court judge to have reviewed each paper in this massive case file . . . ."). Amazon's "fees on fees" billing constitutes 44.6% of the total billable hours outlined in this motion. The Court finds that a sixty percent reduction to these hours is warranted based on the totality of the circumstances, as elucidated by the Court's close reading of Amazon's billing entries in Exhibit 2. *See, e.g.*, Dkt. 306-2, at 15–18 (billing over thirty hours to create and cite-check a slideshow for the fee motion hearing). The Court will therefore award $33,428.28[2] in attorney's fees to Amazon for its work in connection with the original fee petition.

   **Second**, Amazon seeks attorney's fees in connection with "IS's appeal of the Court's fee award." Dkt. 318, at 2. The law is clear that, consistent with 35 U.S.C. § 285, a district court may award appellate attorney's fees. *See Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1380 (Fed. Cir. 2017) (citing *Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 517 (Fed. Cir. 2014)) ("[Plaintiff] argues that the district court abused its discretion in awarding appellate attorney fees. We have previously held that § 285 'does not bar the trial court from awarding fees for the entire case, including any subsequent appeals.'"); *Dippin' Dots, Inc. v. Mosey*, 602 F. Supp. 2d 777, 783 (N.D. Tex. 2009) ("[Defendant] requests attorney [sic] fees for the work required to defend against the second appeal by the Plaintiffs and pursuing this motion for attorney fees. [Defendant] is entitled to these fees because, as this Court has already held twice, this is an exceptional case, there is clear and convincing evidence of inequitable conduct, and attorney fees are appropriate.").

---

[2] This number represents a 60% discount on 44.6% of $187,300.50.

Plaintiff is incorrect to assert that Amazon was required to estimate its appellate fees in its original fee petition. *See* Dkt. 312, at 6 ("Amazon should be awarded no fees relating to [IS's] appeal from this Court's award of fees. . . . Amazon should have included a prospective request for an award of the fees incurred should [IS] appeal. Amazon failed to do so. That fact suffices as adequate grounds to deny Amazon's request for the fees associated with the appeal."). This bizarre legal theory finds no support in case law and makes no sense; IS would obligate fee petitioners to make groundless guesses about hypothetical appellate fees in matters not yet appealed.

In the Federal Circuit, Amazon successfully defended its entire fee award. The Court finds that the 193.1 hours it expended to achieve this outcome were reasonable after inspecting relevant billing entries. Based on the formula detailed above, the Court will award Amazon $73,586.42 in connection with this stage of the litigation. This amount represents the full 39.3% of the $187,300.50 in total attorney's fees it seeks.

Finally, Amazon seeks fee reimbursement for "other post-judgment activity, such as IS's motion to stay enforcement of judgment and avoid a supersedeas bond[.]" Dkt. 306, at 2. Amazon argues that this activity was necessary because "IS sought . . . a stay of enforcement without requiring a bond at all, and Amazon successfully opposed this relief." Dkt. 318, at 4 (citing Dkt. 279-1).

This is a strained reading of the record. IS was willing to accept "a stay for an additional 60 days from the date [of the Court's ruling] to post the required bond." Dkt. 279-1, at 2. Amazon opposed this relief. *See* Dkt. 287, at 4 ("IS claims that it needs 'more time' to secure a bond, but this too is not credible as IS did not use the time it had. . . . Every one of IS's assertions raises doubt about whether it would ever pay the judgment willingly."). The Court sided with IS,

granting it a sixty-day stay to provide it with adequate time to secure a bond for a further stay pursuant to Rule 62(b). *See* Dkt. 290. IS then timely posted the bond. Dkt. 295. All this indicates that Amazon did not successfully oppose IS's requested relief. *Contra* Dkt. 318, at 4 (discussing IS's "primary relief" of an unsecured bond).

At bottom, Amazon's "other post-judgment activities" in this case could have been avoided without resort to more litigation. The Court appreciates Amazon's position that IS was less than cooperative on the issue. Dkt. 287, at 3. Still, the Court finds that IS successfully obtained the relief it sought, and so the Court will exercise its discretion to deny Amazon fees for this category of work.

## IV.    CONCLUSION

Amazon's supplemental motion for attorney's fees under 35 U.S.C. § 285 is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Amazon $107,014.70 in attorney's fees.

It is **SO ORDERED**.

April ____ 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge

7